Seung L. Yang (SBN 249857)
    E-mail: seung.yang@thesentinelfirm.com
Tiffany Hyun (SBN 311743)
    E-mail: tiffany.hyun@thesentinelfirm.com
Andrew Weaver (SBN 318935)
    E-mail: andrew.weaver@thesentinelfirm.com
Christine Noh (SBN 355592)
    E-mail: christine.noh@thesentinelfirm.com
**THE SENTINEL FIRM, APC**
355 S. Grand Ave., Suite 1450
Los Angeles, California 90071
Telephone: (213) 985-1150
Facsimile: (213) 985-2155

Attorneys for Plaintiff Alex W. Smith

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX W. SMITH, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>NORTH WIND SERVICES, LLC, an Alaska limited liability company; LAWRENCE LIVERMORE NATIONAL SECURITY, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>        Defendants | Case No.: 3:25-cv-03793-RFL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT:**<br><br>1.  Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>2.  Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>3.  Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>4.  Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>5.  Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];<br>6.  Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7.  Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and<br>8.  Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alex W. Smith ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendant North Wind Services, LLC ("North Wind"); Defendant Lawrence Livermore National Security, LLC ("LLNL"); and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2.      Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.      Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Alameda County. As such and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.      Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a)      Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

1

(b)   Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay at the regular rate of pay for each workday a meal period violation occurred;

(c)   Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay at the employee's regular rate of pay for each workday a rest period violation occurred;

(d)   Failing to indemnify employees for necessary business expenses incurred;

(e)   Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(f)   Failing to maintain accurate records of the hours that employees worked; and

(g)   Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

THE SENTINEL FIRM

1       7.     Both Defendants maintained significant control over Plaintiff's wages, hours, and

2  working conditions, and acted as joint employers for purposes of liability under applicable labor

3  and employment laws. Plaintiff was assigned to work for Defendant LLNL through Defendant

4  North Wind, a staffing agency that places workers with government contractors. Both Defendants

5  exercised control over various aspects of Plaintiff and Class member's employment, including

6  work assignments and compensation policies. In certain respects, this control overlapped; in

7  others, it did not.

8       8.     While Defendant North Wind facilitated Plaintiff's placement and was responsible

9  for Plaintiff's onboarding, payroll processing, and certain administrative aspects of employment,

10  Defendant LLNL exercised direct control over Plaintiff's daily work activities, supervision,

11  scheduling, and other conditions of employment. Plaintiff's job assignments, break periods, and

12  daily operations were directed by worksite supervisors who were employees of Defendant

13  LLNL.  These supervisors routinely oversaw Plaintiff's work by assigning tasks, defining job

14  responsibilities, instructing Plaintiff on when and how to perform tasks, and determining

15  Plaintiff's work hours and break periods. LLNL supervisors exercised authority over Plaintiff's

16  meal periods, at times restricting Plaintiff's use of the facility or requiring Plaintiff to

17  accompany other employees during lunch. When Plaintiff inquired about compensation for the

18  additional time, LLNL supervisors informed Plaintiff that approval for overtime pay could not

19  be granted due to funding limitations, and Plaintiff would not be paid. As a result, Plaintiff

20  frequently worked additional hours — sometimes as many as several extra hours per week —

21  without receiving overtime pay.

22       9.     LLNL also acted as the direct employer of other Class members, and exercised

23  control over their wages as well as their hours and working conditions. Plaintiff alleges that he

24  and all other Class members, whether directly hired by North Wind or LLNL were subjected to

25  common working conditions that are the basis of the claims alleged in this action.

26  / / /

27  / / /

28

THE SENTINEL FIRM

## THE PARTIES

### Plaintiff

10.     Plaintiff is a California resident that worked for Defendants in the County of Alameda, State of California, as an hourly, non-exempt Field Technologist from approximately January 2024 to approximately October 2024. Plaintiff worked for Defendants at LLNL's laboratory facility in Livermore, California.

11.     Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### Defendants

12.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant North Wind Services, LLC is:

(a)     An Alaska limited liability company that maintains offices, has agents, employs individuals, and/or transacts business in the State of California;

(b)     A business entity conducting business in numerous counties throughout the State of California, including in Alameda; and

(c)     The former employer of Plaintiff, and the current and/or former employer of the putative Class. Defendant suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions

13.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Lawrence Livermore National Security, LLC is:

(a)     A Delaware corporation with its principal place of business in Livermore, California;

(b)     A business entity conducting business in numerous counties throughout the State of California, including in Alameda; and

(c)     The former employer of Plaintiff, and the current and/or former employer of the putative Class. Defendant suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions

THE SENTINEL FIRM

14.     Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

15.     At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

16.     Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.     Plaintiff is a California resident who worked for Defendants in the County of Alameda, State of California, as a Field Technologist during the statutory period. Plaintiff was typically scheduled to work 5 days in a workweek, and typically in excess of 8 hours in a single workday.

THE SENTINEL FIRM

18.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

19.    Throughout the statutory period, Plaintiff and the Class worked more than 8 hours in a workday and more than 40 hours in a workweek.  Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. In those instances where Plaintiff and the Class earned non-discretionary bonuses and other remuneration, Defendants failed to incorporate all remuneration when calculating the correct overtime rate of pay, meal break premium rate of pay, rest break premium rate of pay, and sick day rate of pay. Defendants also regularly used a system of time rounding in a manner that resulted, over a period of time, in failing to compensate Plaintiff and the Class properly for all the time they have actually worked, even though the realities of Defendants' operations are such that it is possible, practical, and feasible to count and pay for work time to the minute.  Also throughout the statutory period, Plaintiff and the Class were required to work "off-the-clock" and uncompensated.  For example, Plaintiff and the Class were required to discuss work-related issues with their supervisors after their scheduled hours, but were not compensated for this additional time worked. Plaintiff's supervisor, an LLNL employee, regularly required Plaintiff to stay beyond the end of his shift to complete assignments. Plaintiff's supervisor would also direct Plaintiff to continue work during meal periods, or to attend work meetings during meal periods. Additionally, Defendants would often record Plaintiff and the Class's scheduled hours rather than actual time worked, despite Plaintiff and the Class working before and after scheduled hours and during meal periods. Plaintiff's supervisor stated that although Plaintiff worked hours in excess of his regular schedule, Plaintiff was not typically permitted to record or receive compensation for those hours. Plaintiff requested compensation for the hours worked beyond his regular schedule,

**Class Action Complaint For Damages:**
**Jury Trial Demanded**

1    but that request was denied. In maintaining a practice of not paying all wages owed, Defendants

2    failed to maintain accurate records of the hours Plaintiff and the Class worked.

3            20.     Throughout the statutory period, Defendants have wrongfully failed to provide

4    Plaintiff and the Class with legally compliant meal periods.  Defendants often required Plaintiff

5    and the Class to work in excess of five consecutive hours a day without providing 30-minute,

6    continuous and uninterrupted, duty-free meal period for every five hours of work, or without

7    compensating Plaintiff and the Class for meal periods that were not provided by the end of the

8    fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and

9    the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts

10   greater than 10 hours, by the end of the tenth hour of work.  Plaintiff and the Class were often

11   required to work during their meal periods, leading to the failure to provide uninterrupted meal

12   periods.  For example, Plaintiff and the Class were required to prioritize urgent work tasks

13   before starting their meal periods or during their meal periods, resulting in late, shortened,

14   interrupted, or missed meal periods. Additionally, as stated above, Plaintiff was directed by his

15   supervisor to work during meal periods and/or attend work meetings with other employees

16   during meal periods, and was not relieved of all duties during meal periods.  These requirements

17   also meant Plaintiff and the Class were not relieved of all duty during their meal periods.

18   Additionally, Plaintiff and the Class were not fully relieved of duty during their meal periods

19   because Defendants limited their movement throughout the facility during meal periods.

20   Plaintiff and the Class were also required to respond to work calls and communications while on

21   their purported meal periods resulting in short or interrupted meal periods. Moreover, despite

22   failing to provide compliant meal periods, Defendants maintained a practice of recording

23   Plaintiff and the Class's scheduled meal period times rather than actual meal period start and

24   end times, in order to ensure the recordation of a compliant meal period for each shift.  As a

25   result, Plaintiffs and the Class were not provided with uninterrupted and complete meal periods.

26   Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and

27   the Class in compliance with California law.

28

**Class Action Complaint For Damages:**
**Jury Trial Demanded**

THE SENTINEL FIRM

21.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.  Defendants often required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a net 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction thereof), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period.  Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods.  Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period.  For example, Plaintiff and the Class were required to prioritize work tasks over taking rest periods and were often required to forgo their rest periods. Plaintiff was directed to work continuously throughout his shift by his supervisor on most shifts and not provided the opportunity to take off-duty rest periods. As a result, Plaintiff and the Class were rarely provided with compliant rest periods and were regularly required to work through their rest periods. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

22.     Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement.  For example, Plaintiff and the Class were required to use their personal cell phones to communicate with managers and coworkers and were not reimbursed for this expense. Plaintiff's supervisor regularly contacted him on his personal cell phone to discuss work related matters. Plaintiff and the Class were not adequately compensated for this work-related expense. Plaintiff and the Class were not adequately compensated for these work-related expenses.

23.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Since Defendants failed to include wages for off-the-clock work, overtime, and meal and rest period premiums, the final wages paid to Plaintiff and the Class were not complete, and wages remain outstanding. Further, Defendants did not pay Plaintiff and the Class their final paychecks immediately upon termination.

24.     Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address). As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

9

(e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure § 382.

26.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

27.    The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of class certification to the Class is sent.

28.    At all material times, Plaintiff was a member of the Class.

29.    Plaintiff undertakes this concerted activity to improve the wages and working

10

1    conditions of all Class Members.

2        30.    There is a well-defined community of interest in the litigation and the Class is

3    readily ascertainable:

4        (a)    Numerosity:  The members of the Class (and each subclass, if any) are so

5            numerous that joinder of all members would be unfeasible and impractical.

6            The membership of the entire Class is unknown to Plaintiff at this time,

7            however, the Class is estimated to be greater than 100 individuals and the

8            identity of such membership is readily ascertainable by inspection of

9            Defendants' records.

10       (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect

11           the interests of each Class Member with whom there is a shared, well-

12           defined community of interest, and Plaintiff's claims (or defenses, if any)

13           are typical of all Class Members' claims as demonstrated herein.

14       (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect

15           the interests of each Class Member with whom there is a shared, well-

16           defined community of interest and typicality of claims, as demonstrated

17           herein.  Plaintiff has no conflicts with or interests antagonistic to any Class

18           Member.  Plaintiff's attorneys, the proposed class counsel, are versed in

19           the rules governing class action discovery, certification, and settlement.

20           Plaintiff has incurred, and throughout the duration of this action, will

21           continue to incur costs and attorneys' fees that have been, are, and will be

22           necessarily expended for the prosecution of this action for the substantial

23           benefit of each class member.

24       (d)    Superiority:  A Class Action is superior to other available methods for the

25           fair and efficient adjudication of the controversy, including consideration

26           of:

27           1)    The interests of the members of the Class in individually

28                controlling the prosecution or defense of separate actions;

11

2)      The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3)      The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4)      The difficulties likely to be encountered in the management of a class action.

(e)      <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

31.      There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a)      Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

(b)      Failed to provide meal periods and pay meal period premium wages to Class Members;

(c)      Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d)      Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e)      Failed to maintain accurate records of all hours Class Members worked,

1    and all meal periods Class Members took or missed;

2    (f)    Failed to reimburse Class Members for all necessary business expenses;

3    and

4    (g)    Violated California Business & Professions Code §§ 17200 *et. seq.* as a

5    result of their illegal conduct as described above.

6    32.    This Court should permit this action to be maintained as a class action pursuant to

7    California Code of Civil Procedure § 382 because:

8    (a)    The questions of law and fact common to the Class predominate over any

9    question affecting only individual members;

10    (b)    A class action is superior to any other available method for the fair and

11    efficient adjudication of the claims of the members of the Class;

12    (c)    The members of the Class are so numerous that it is impractical to bring all

13    members of the class before the Court;

14    (d)    Plaintiff, and the other members of the Class, will not be able to obtain

15    effective and economic legal redress unless the action is maintained as a

16    class action;

17    (e)    There is a community of interest in obtaining appropriate legal and

18    equitable relief for the statutory violations, and in obtaining adequate

19    compensation for the damages and injuries for which Defendants are

20    responsible in an amount sufficient to adequately compensate the members

21    of the Class for the injuries sustained;

22    (f)    Without class certification, the prosecution of separate actions by

23    individual members of the class would create a risk of:

24    1)    Inconsistent or varying adjudications with respect to individual

25    members of the Class which would establish incompatible standards

26    of conduct for Defendants; and/or

27    2)    Adjudications with respect to the individual members which would,

28    as a practical matter, be dispositive of the interests of other

13

members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

33.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## **FIRST CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

34.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

35.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

36.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

37.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

14

**Class Action Complaint For Damages:**
**Jury Trial Demanded**

THE SENTINEL FIRM

38.     By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

39.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

40.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

41.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

42.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

43.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

44.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

45.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless

they receive additional compensation beyond their regular wages in amounts specified by law.

46.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

47.     At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

48.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

49.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

50.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

51.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

52.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all

THE SENTINEL FIRM

1    overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the

2    Class with all compensation due, in violation of California Labor Code § 204.

3                              **THIRD CAUSE OF ACTION**

4            **(Against All Defendants for Failure to Provide Meal Periods)**

5            53.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

6    paragraphs 1 through 21 in this Complaint.

7            54.    Under California law, Defendants have an affirmative obligation to relieve the

8    Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the

9    start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal

10   periods no later than the start of the eleventh hour of work in the workday.  Section 512 of the

11   California Labor Code, and Section 11 of the applicable Wage Orders require that an employer

12   provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a

13   violation of Section 226.7 of the California Labor Code for an employer to require any

14   employee to work during any meal period mandated under any Wage Order.

15           55.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff

16   and the Class with both meal periods as required by California law.  By their failure to permit

17   and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact

18   that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

19   Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and

20   the applicable Wage Orders.

21           56.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

22   additional wages at the regular rate of pay for each workday he or she was not provided with all

23   required meal period(s), plus interest thereon.

24                              **FOURTH CAUSE OF ACTION**

25       **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

26           57.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

27   paragraphs 1 through 21 in this Complaint.

28

THE SENTINEL FIRM

58.    Defendants are required by California law to authorize and permit breaks of net 10 uninterrupted minutes for each four hours of work or major fraction thereof (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

59.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday.  By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

60.    Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages at the regular rate of pay for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Failure to Indemnify Necessary Business Expenses)

61.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

62.    Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

63.    As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

64.     Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

65.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

66.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

67.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

68.     Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

69.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

19

70.     Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

71.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SEVENTH CAUSE OF ACTION

**(Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

72.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

73.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

74.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

75.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

76.     Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

77.     Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

78.     Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

79.     Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

81.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

82.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

83.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

THE SENTINEL FIRM

84.     A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq.*

### Failure to Pay Minimum Wages

85.     Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Pay Overtime Wages

86.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Maintain Accurate Records of All Hours Worked

87.     Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Provide Meal Periods

88.     Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Authorize and Permit Rest Periods

89.     Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

### Failure to Indemnify Necessary Business Expenses

90.     Defendants' failure to indemnify employees for necessary business expenses in

1  accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above,

2  constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§

3  17200, *et seq*.

4                    **Failure to Provide Accurate Itemized Wage Statements**

5        91.    Defendants' failure to provide accurate itemized wage statements in accordance

6  with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity

7  prohibited by California Business & Professions Code §§ 17200, *et seq*.

8        92.    By and through their unfair, unlawful and/or fraudulent business practices

9  described herein, the Defendants, have obtained valuable property, money and services from

10  Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly

11  situated, of valuable rights and benefits guaranteed by law, all to their detriment.

12       93.    Plaintiff and the Class Members suffered monetary injury as a direct result of

13  Defendants' wrongful conduct.

14       94.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled

15  to, and does, seek such relief as may be necessary to disgorge money and/or property which the

16  Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived,

17  by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff

18  and the Class are not obligated to establish individual knowledge of the wrongful practices of

19  Defendants in order to recover restitution.

20       95.    Plaintiff, individually, and on behalf of members of the putative class, is further

21  entitled to and does seek a declaration that the above described business practices are unfair,

22  unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

23  from engaging in any of the above-described unfair, unlawful and/or fraudulent business

24  practices in the future.

25       96.    Plaintiff, individually, and on behalf of members of the putative class, has no

26  plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members

27  suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business

28  practices.  As a result of the unfair, unlawful and/or fraudulent business practices described

1  above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and

2  will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained

3  from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

4      97.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth

5  herein above, they will continue to avoid paying the appropriate taxes, insurance and other

6  withholdings.

7      98.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff

8  and putative Class Members are entitled to restitution of the wages withheld and retained by

9  Defendants during a period that commences four years prior to the filing of this complaint; a

10  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

11  Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

12  1021.5 and other applicable laws; and an award of costs.

13  <u>**PRAYER FOR RELIEF**</u>

14      Plaintiff, individually, and on behalf of all others similarly situated only with respect to

15  the class claims, prays for relief and judgment against Defendants, jointly and severally, as

16  follows:

17  <u>Class Certification</u>

18      1.    That this action be certified as a class action with respect to the First, Second,

19  Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

20      2.    That Plaintiff be appointed as the representative of the Class; and

21      3.    That counsel for Plaintiff be appointed as Class Counsel.

22  <u>As to the First Cause of Action</u>

23      4.    That the Court declare, adjudge and decree that Defendants violated California

24  Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all

25  minimum wages due;

26      5.    For general unpaid wages as may be appropriate;

27      6.    For pre-judgment interest on any unpaid compensation commencing from the date

28  such amounts were due;



1      7.      For liquidated damages;

2      8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

3   California Labor Code § 1194(a); and,

4      9.      For such other and further relief as the Court may deem equitable and appropriate.

5                          As to the Second Cause of Action

6      10.     That the Court declare, adjudge and decree that Defendants violated California

7   Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all

8   overtime wages due;

9      11.     For general unpaid wages at overtime wage rates as may be appropriate;

10     12.     For pre-judgment interest on any unpaid overtime compensation commencing

11   from the date such amounts were due;

12     13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

13   California Labor Code § 1194(a); and,

14     14.     For such other and further relief as the Court may deem equitable and appropriate.

15                          As to the Third Cause of Action

16     15.     That the Court declare, adjudge and decree that Defendants violated California

17   Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

18     16.     For unpaid meal period premium wages as may be appropriate;

19     17.     For pre-judgment interest on any unpaid compensation commencing from the date

20   such amounts were due;

21     18.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

22   and for costs of suit incurred herein; and

23     19.     For such other and further relief as the Court may deem equitable and appropriate.

24                          As to the Fourth Cause of Action

25     20.     That the Court declare, adjudge and decree that Defendants violated California

26   Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

27     21.     For unpaid rest period premium wages as may be appropriate;

28

*Smith v. North Wind Services, LLC, et al.*                    **Class Action Complaint For Damages:**
                                                                        **Jury Trial Demanded**

THE SENTINEL FIRM

22.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25.     That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26.     For general unpaid wages and reimbursement of business expenses as may be appropriate;

27.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.     For reasonable attorneys' fees and for costs of suit incurred herein; and

29.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31.     For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.     For reasonable attorneys' fees and for costs of suit incurred herein; and

34.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

26

1    36.    For penalties and actual damages pursuant to California Labor Code § 226(e);

2    37.    For injunctive relief to ensure compliance with this section, pursuant to California

3    Labor Code § 226(h);

4    38.    For reasonable attorneys' fees and for costs of suit incurred herein; and

5    39.    For such other and further relief as the Court may deem equitable and appropriate.

6                            As to the Eighth Cause of Action

7    40.    That the Court declare, adjudge and decree that Defendants violated California

8    Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked

9    (including minimum and overtime wages), failing to provide meal periods, failing to maintain

10   accurate records of meal periods, failing to authorize and permit rest periods, and failing to

11   maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage

12   statements, and failing to indemnify necessary business expenses;

13   41.    For restitution of unpaid wages to Plaintiff and all Class Members and

14   prejudgment interest from the day such amounts were due and payable;

15   42.    For the appointment of a receiver to receive, manage and distribute any and all

16   funds disgorged from Defendants and determined to have been wrongfully acquired by

17   Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

18   43.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

19   California Code of Civil Procedure § 1021.5;

20   44.    For injunctive relief to ensure compliance with this section, pursuant to California

21   Business & Professions Code §§ 17200, *et seq.*; and,

22   45.    For such other and further relief as the Court may deem equitable and appropriate.

23                            As to all Causes of Action

24   46.    For any additional relief that the Court deems just and proper.

25   / / /

26   / / /

27   / / /

28

*Smith v. North Wind Services, LLC, et al.*                    **Class Action Complaint For Damages:**
                                                               **Jury Trial Demanded**

THE SENTINEL FIRM

1    Dated: August 25, 2025                    Respectfully submitted,

2                                               THE SENTINEL FIRM, APC

3

4                                       By:

5                                               Seung L. Yang
                                                Tiffany Hyun
6                                               Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Smith v. North Wind Services, LLC, et al.*                    **Class Action Complaint For Damages:**
                                                               **Jury Trial Demanded**

THE SENTINEL FIRM

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff demands a trial by jury as to all causes of action triable by jury.

3

Dated: August 25, 2025                    THE SENTINEL FIRM, APC

4

5

By: _____

6

Seung L. Yang
Tiffany Hyun
Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Smith v. North Wind Services, LLC, et al.*                    **Class Action Complaint For Damages:**
**Jury Trial Demanded**

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT        )

        )

NORTHERN DISTRICT OF CALIFORNIA        )

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; the address from which I served the document listed below is 355 S Grand Ave, Suite 1450, Los Angeles, California 90071.  On August 25, 2025, I served the foregoing document described as:

## FIRST AMENDED CLASS ACTION COMPLAINT

☒    **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

### SHEPPARD MULLIN
Attorneys for Defendant Lawrence Livermore National Security, LLC
Elena Ruiz (ERuiz@sheppardmullin.com)
Brooke Purcell (bpurcell@sheppardmullin.com)
Rachel Moroski (RMoroski@sheppardmullin.com)
Shayla Griffin (smgriffin@sheppardmullin.com)
Leslie Cuesta (LCuesta@sheppardmullin.com)
Eileen Wilson (EWilson@sheppardmullin.com)
Four Embarcadero Center, 17th Floor
San Francisco,  CA 94111-4109

### CDF LABOR LAW
Attorneys for Defendant North Wind Services, LLC
Elizabeth Kastern (ekastern@cdflaborlaw.com)
Alison Tsao (atsao@cdflaborlaw.com)
Marianne Koepf (mkoepf@cdflaborlaw.com)
Candace DesBaillets (cdesbaillets@cdflaborlaw.com)
Eliza Kinney (ekinney@cdflaborlaw.com)
900 University Avenue, Suite 200
Sacramento, CA 95825

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 25, 2025, at Los Angeles, California.

Karen Arellano

_____        _____
Name                                    Signature